[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10236

Non-Argument Calendar

_____

ZONYA A. FLEMINGS,

Plaintiff-Appellant,

*versus*

MIAMI-DADE COUNTY,
U.S. SECURITY ASSOCIATES, INC.,
UNIVERSAL PROTECTION SERVICE, LLC,
ALLIEDBARTON SECURITY SERVICES LLC,
BOARD OF COUNTY COMMISSIONERS, MIAMI-DADE
COUNTY, FLORIDA, et al.,

Defendants-Appellees,

2                    Opinion of the Court                    21-10236

MICHAEL FARRELL, e al.,

                                                    Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21406-BB

_____


_____

No. 21-10362

Non-Argument Calendar

_____

ZONYA A. FLEMINGS,

                                                    Plaintiff-Appellant,

*versus*

MIAMI-DADE COUNTY,
U.S. SECURITY ASSOCIATES, INC.,
UNIVERSAL PROTECTION SERVICE, LLC,
ALLIEDBARTON SECURITY SERVICES LLC,
BOARD   OF   COUNTY   COMMISSIONERS,   MIAMI-DADE

21-10236              Opinion of the Court                    3

COUNTY, FLORIDA, et al.,

                                            Defendants-Appellees,

MICHAEL FARRELL, et al.,

                                                    Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21406-BB

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

       Zonya Flemings appeals the dismissal of her second
amended complaint as a shotgun pleading.  Flemings sued her for-
mer employers and their lawyers for race and sex discrimination,
retaliation for participating in protected activities, recovery of un-
paid wages, and violating her constitutional rights.  The second
amended complaint was 81 pages long, contained over 600 para-
graphs, and counts three through seven incorporated by reference
count one's and two's allegations.

On the defendants' motion, the district court dismissed the second amended complaint. It noted that the second amended complaint "[was] not presented in chronological order nor arranged by discrete thematic categories . . . [and] contain[ed] redundant, conclusory, inconsistent, and seemingly irrelevant allegations." The district court concluded that the second amended complaint was a shotgun pleading as described in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). It couldn't tell, it said, who the defendants were, what counts were asserted against them, which facts applied to which counts, or even which facts were relevant. The district court denied leave to amend because it had already given Flemings leave to amend twice before. Flemings timely appealed.

On appeal, Flemings argues that it was error for the district court to dismiss her claims without addressing their merits. But she doesn't argue that the district court erred in dismissing her second amended complaint as a shotgun pleading. "[W]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [she] is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian. Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Flemings's appeal fails because she hasn't properly challenged the district court's dismissal of her second amended complaint as a shotgun pleading. *Id.* Her brief does not mention the district court's ruling that the second amended complaint was a

21-10236                Opinion of the Court                5

shotgun pleading.  As a result, she "has abandoned any argument that the additional reasons the district court stated for dismissing each of the claims was error."[1] *Id.*

    **AFFIRMED.**[2]

---

[1] Even if Flemings had argued that the district court erred in dismissing her second amended complaint as a shotgun pleading, we would still affirm.  The second amended complaint was a shotgun pleading because it incorporated by reference the allegations of counts one and two into the other counts and it contained vague and conclusory allegations.  *See Weiland*, 792 F.3d at 1321–23 (identifying the "categories of shotgun pleadings," including "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," and a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action").

[2] We **DENY** all pending motions.